WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Barnes,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-19-05791-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Kathleen Barnes's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 13). Defendant SSA filed an Answering Brief (Doc. 14), and Plaintiff filed a Reply (Doc. 15). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 12) and reverses the Administrative Law Judge's ("ALJ") decision (AR at 25-29) and remands this matter for a new hearing for the reasons addressed herein.

**I.  Background**

Plaintiff filed an Application for SSDI benefits on June 13, 2015, alleging a disability beginning on November 15, 2005.[1] (AR 25). Plaintiff's claim was initially denied on April 13, 2016, and upon reconsideration on September 2, 2016. (*Id.*) A hearing was held before ALJ Earl C. Cates on May 31, 2018. (*Id.* at 35-61). Plaintiff's Application

---

[1] Plaintiff represented herself throughout the underlying administrative proceedings. She is represented by counsel on appeal. (Doc. 13).

was denied by the ALJ on August 31, 2018. (*Id*. at 30). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

Plaintiff alleges disability due to chronic recurrent multifocal osteomyelitis ("CRMO"), which is an inflammatory disease primarily affecting the bones. (Doc. 13). Plaintiff alleges having multiple symptoms of this disease, including fatigue, bone pain and lesions, nail peeling and splitting, and severe headaches, for decades. (*Id.*) However, Plaintiff's CRMO was undiagnosed for most of her life, until she received a diagnosis after filing her Application. (*Id.*)

After considering the medical evidence and opinions, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform work activities, and thus that she did not have any severe impairments. (AR 28). Therefore, the ALJ found that Plaintiff had the ability to perform a full range of work at all exertional levels and was not disabled. (*Id.* at 29).

Plaintiff argues that the ALJ failed to consider whether her CRMO was a severe impairment, failed to give specific and legitimate reasons to reject the opinions of treating physician, Dr. Margaret E. Miller, M.D., and failed to exhibit and consider relevant evidence supplied by Plaintiff years prior to her hearing date. Plaintiff seeks for her case to be remanded for a new hearing and decision. (Doc. 13). The Commissioner argues that the ALJ's opinion is free of harmful error. (Doc. 14). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.  Legal Standards**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the

evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.  Analysis**

Plaintiff argues that the ALJ failed to consider whether her CRMO was a severe impairment, failed to give specific and legitimate reasons to reject the opinions of treating physician, Dr. Margaret E. Miller, M.D., and failed to consider relevant evidence supplied by Plaintiff prior to the decision date. (Doc. 13). The Court will consider these issues in turn.

    **A.**    **The ALJ erred in rejecting Dr Miller's opinion.**

Plaintiff testified to multiple symptoms arising from her CRMO disorder. (AR 35-61). The medical record is also replete with mentions of these symptoms. Plaintiff's treating physician, Dr. Miller, diagnosed Plaintiff with CRMO in 2016, and opined that the symptoms that Plaintiff had been experiencing for many years were likely a result of the CRMO. (*Id.* at 534). The ALJ rejected this opinion, did not discuss the weight given to the opinion, and did not determine whether CRMO was a severe impairment at Step Two.

When evaluating medical opinion evidence in cases filed prior to March 27, 2017, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Generally, opinions of treating physicians are entitled to the greatest weight; opinions of examining, non-treating physicians are entitled to lesser weight; and opinions of non-examining physicians are entitled to the least weight. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).[2] While greater weight is generally afforded to treating physicians, a "treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 & n. 7 (9th Cir. 1989). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

An ALJ may not reject an opinion of a treating physician without providing substantial evidence for doing so. An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical

---

[2] The regulations provide that the amount of weight given to any medical opinion depends on a variety of factors, namely: whether the physician examined the claimant; the length, nature, and extent of the treatment relationship (if any); the degree of support the opinion has, particularly from medical signs and laboratory findings; the consistency of the opinion with the record as a whole; the physician's specialization; and "other factors." 20 C.F.R. §§ 404.1527(c)(1)–404.1527(c)(6).

evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). This means that an ALJ must "do more than state conclusions." *Id.* Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." (*Id.*). The Ninth Circuit requires this exacting standard "because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" (*Id.*) (*quoting Orn*, 495 F.3d at 633).

Dr. Miller opined that because Plaintiff had experienced many documented symptoms consistent with CRMO for many years, that it was likely that Plaintiff had CRMO for decades and possibly for her entire life. (AR 534). The ALJ stated, without more, that this opinion was "speculative." (*Id.* at 29). This conclusory statement regarding Dr. Miller's opinion is not substantial evidence. This is harmful error warranting reversal.[3]

To reject the opinion of Dr. Miller, a treating physician, the ALJ needed to "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). The ALJ must "do more than state conclusions." *Id.* Here, the conclusory nature of the ALJ's findings as to Dr. Miller, a treating physician, were not proper. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("We think it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability. It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis."). The ALJ erred here.

**B.     The ALJ erred in not considering whether CRMO was a severe impairment at Step Two.**

Plaintiff argues that the ALJ failed to determine that Plaintiff's CRMO was a severe impairment. (Doc. 13 at 6). The Commissioner does not meaningfully respond to this argument. (Doc. 14). Although not stated as a basis for the denial, Plaintiff argues that the

---

[3] Moreover, the ALJ did not give any weight to Dr. Miller's opinion as is required of a treating physician. Therefore, the Court is unable to meaningfully review his analysis.

ALJ improperly did not consider this condition because it was diagnosed after the date of last insured.

Step two is "a de minimis screening device" for weeding out groundless claims. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). At step two, a claimant must establish the existence of a medically determinable impairment by objective medical evidence; a mere diagnosis, medical opinion, or statement of symptoms will not suffice. 20 C.F.R. §§ 404.1521, 416.921. Once established, the ALJ then considers whether the impairment, individually or in combination with other impairments, is "severe" and expected to last more than twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). Examples include physical functions such as walking, standing, lifting, and reaching. *Id.*

As this Court has observed in earlier cases, "Ninth Circuit law is not a model of clarity concerning how to evaluate claims of step-two error. Some cases suggest that, although it is error for an ALJ to fail to characterize a particular impairment as 'severe' during step two, the error can be disregarded as harmless if the ALJ properly addresses the impairment during later steps. Other decisions suggest that a claimant can't complain about an ALJ's failure to identify a particular impairment as 'severe' during step two so long as the ALJ determined the claimant also had other impairments that so qualify." *Sharp v. Comm'r of Soc. Sec. Admin.*, 2019 WL 1043393, *3 (D. Ariz. 2019) (citations omitted). At any rate, "[t]he dispositive issue . . . is whether the ALJ properly evaluated the evidence and testimony concerning that condition during later steps and factored that condition into the RFC." *Id.*

The applicable regulations related to diagnoses arising after the date of last insured that apply here state as follows:

In some cases, it may be possible, based on the medical evidence to

reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

S.S.R. § 83-20. And "where a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date." *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998).

As an initial matter, the ALJ did not find that any of Plaintiff's impairments were severe at Step Two. (AR 28). Therefore, the Court is satisfied that Plaintiff may raise this issue on appeal. Plaintiff argues that in addition to not finding that her CRMO was a severe impairment, the ALJ did not consider the condition at all, never specifically mentioning CRMO in his discussion of her impairments. (Doc. 13 at 6). In a brief Response, the Commissioner sidesteps the issue entirely, noting only that the ALJ gave "valid reasons to discount a finding that the migraine headaches were severe." (Doc. 14 at 5). In fact, this section of the Commissioner's Response does not contain any discussion of Plaintiff's principal argument that the ALJ should have considered her CRMO condition a severe impairment. (*Id.*)

The ALJ's decision is likewise lacking in a thorough discussion on this issue. The entirety of the substantive portion of the ALJ's decision is contained on two pages. (AR 28-29). In his Step Two discussion, the ALJ states that Plaintiff "contended that a diagnosis of [CRMO] made in 2016 . . . supports her claim of disability . . . [Dr.] Miller . . . endorsed that position." (*Id.* at 28). In the following sentence, and without any citation to the record, the ALJ states that Plaintiff's migraines were medically determinable, but not severe. (*Id.* at 29). The only other mention of Plaintiff's CRMO condition is when the ALJ finds Dr. Miller's opinions as to the disorder to be speculative. (*Id.*) It is clear that the ALJ did not consider whether Plaintiff's CRMO was a medically determinable impairment at all, let alone determine whether it was a severe one. And as the ALJ does not state that his refusal

to consider that condition was a result of the diagnosis being made after the date of last insured, which would be suspect under the regulations in any event, the Court cannot meaningfully review the omission. The Court finds error here. The ALJ's brief discussion on these issues, coupled with the Commissioner's failure to respond to Plaintiff's arguments, support this finding.

### IV. Remand for Further Proceedings

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the proper standards. Additionally, Plaintiff requests a new hearing and decision. (Docs. 13 and 15). Therefore, the Court in its discretion finds that remand for further proceedings is appropriate, to hold a new hearing, reconsider the medical opinion evidence of record under the appropriate standards, and issue a new decision.

On remand, and pursuant to 20 C.F.R. § 404.1520(a)(3), the Agency shall include as part of the record, and the ALJ shall consider, the 55 pages of evidence supplied to the Agency by Plaintiff in 2016 but which failed to become part of the Administrative Record. (Doc. 13-1).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing and issue a new decision.

**IT IS FURTHER ORDERED** that pursuant to 20 C.F.R. § 404.1520(a)(3), the Agency shall include as part of the record, and the ALJ shall consider, the 55 pages of evidence supplied to the Agency by Plaintiff in 2016 but which failed to become part of the Administrative Record.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 10th day of January, 2022.

Honorable Susan M. Brnovich
United States District Judge